UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J. HENDERSON, #237781,

    Petitioner,

                              Civil No: 08-14776
                              Honorable Victoria E. Roberts
                              Magistrate Judge Paul J. Komives

v.

L. CRUMP,

    Respondent.

_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

Petitioner, J. Henderson, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. §2241 and 28 U.S.C. §2254. Although Petitioner is incarcerated for his conviction on a second-degree criminal sexual conduct charge[1] he is not challenging his state court conviction. Petitioner challenges issues that arose in the family division of the Genesee County Circuit Court. He asserts that: (1) the referee should be disqualified; (2) he has been discriminated against by the family court officers; and (3) his parental rights have been wrongfully infringed upon. For the reasons set forth below, the Court dismisses the petition.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

---

[1] Petitioner was sentenced on June 12, 2003 on the second-degree criminal sexual conduct charge. While serving that sentence, he was also convicted of assaulting a prison employee on July 10, 2007 and is serving a four to fifteen year sentence for that offense.

U.S.C. §2254(a); see also 28 U.S.C. §2241(c)(3). Petitioner does not assert that he is held illegally in state custody. Rather, he seeks relief *in* the family division of the Genesee Circuit Court *from* this Court, by filing a petition for writ of habeas corpus.

A habeas petition is not the proper vehicle for such relief. Petitioner does not assert any constitutional violations relative to his incarceration, and of equal importance, federal district courts do not intrude "into state proceedings already underway" unless the circumstances are extraordinary. *Atkins v. Michigan,* 644 F.2d. 543, 546 (6th Cir. 1981). Petitioner fails to demonstrate the existence of such extraordinary circumstances.

It plainly appears from the face of the petition and exhibits annexed to it, that the Petitioner is not entitled to relief from this Court. Rule 4, Rules Governing §2254 Cases; see 28 U.S.C. §2243. A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke,* 178 F.3d 434, 436-37 (6th Cir. 1999); see also *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face.). Since the factual circumstances do not allow for habeas review, the Court dismisses the petition without prejudice; Petitioner can exhaust his Friend of the Court issues in the proper state venue.

**IT IS ORDERED:** (1) The petition for a writ of habeas corpus [dkt. #1] is **DISMISSED** WITHOUT PREJUDICE; (2) Petitioner's "Motion to Correct Deficiency and


Amend Petition Based on New Information"[2] [dkt. #3] is **DENIED** as **MOOT**; and Petitioner's

"Motion to Proceed *In Forma Pauperis*"  [dkt. #4] is **DENIED** as **MOOT**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 8, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and J. Henderson by electronic means or U.S. Mail on January 8, 2009.

s/Carol A. Pinegar
Deputy Clerk

---

[2]Petitioner's amendment has no relationship to the constitutionality of his incarceration, but rather continues to discuss child custody, child support, parenting time, and other Friend of the Court issues.